As a result of his escape the original date for sentencing was postponed until the Defendant was apprehended. The trial court's file on the case remained open. Items that belonged to the victims in this case could not be returned to them as a result of the delay effectuated by Defendant's escape. Defendant did not voluntarily return to custody. He had to be recaptured in the state of Georgia. We conclude that the State of Missouri and the county concerned absorbed additional monetary expense in transporting Defendant back into the jurisdiction. It is apparent that the Defendant's absence of more than two months caused prejudice to and adversely affected the criminal justice system. *See Troupe,* 891 S.W.2d at 811.

The State's Motion to Dismiss is sustained and Defendant's direct appeal is dismissed. Defendant's appeal from the denial of his Rule 29.15 motion is also dismissed.

MONTGOMERY, P.J., and GARRISON, J., concur.

---

**Amanda Dawn RAMSEY, Appellant,**

v.

**Dickie Allen MULKEY, Appellant.**

**No. WD 52015.**

Missouri Court of Appeals,
Western District.

Aug. 13, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1996.

Amanda Dawn Ramsey, acting pro se.

Dickie Allen Mulkey, acting pro se.

Before FENNER, P.J., and SPINDEN and EDWIN H. SMITH, JJ.

---

PER CURIAM.

Joint *pro se* appeal of custody and child support order.

Judgment affirmed. Rule 84.16(b).

---

**Gilberto GARIBAY, Employee,**

v.

**TREASURER OF MISSOURI as Custodian of Second Injury Fund, Employer.**

**No. 69606.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 13, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1996.

